Please call the next case. Case number 08-1347, Judith Hirsch v. John Heldrich. How much better she is now? Let's talk about that. Tell us who you are, who you represent, and how much time you think you need. Your Honor, Joseph Ferney on behalf of Defendant Appellant across at the Optima Inn. You have 15 minutes and then 5 minutes for rebuttal. Your Honor, David Peel on behalf of Plaintiff. Could you speak up just a little bit? Sure. David Peel on behalf of Plaintiff Judith Hirsch, who is the appellee cross appellant. I would just ask to reserve 3 minutes for the reply in support of our cross appeal. Okay. Thank you. We have read your briefs. We suggest you stick to what you think is important to your case, and we will ask you questions. I would just want to tell you the microphone does not amplify anything. It records what's being said. Thank you. May it please the Court. The appeals here today are from the lower court's partial grant and partial denial of Plaintiff Section 214-01 Petition for Relief from Judgment based on newly discovered facts. This is not an appeal of the final and appealable judgment that was entered on September 5, 2007, and the respective notices of appeal of the parties reflect this and so limit these appeals. 14-01 is an extraordinary limited remedy. It is a new action brought after a trial court has lost the power of jurisdiction over a case. This new action is not meant to address errors of law made by a trial judge in the prior action or attack a decision one feels that a judge got wrong. That is the purpose of appeal. 14-01 cannot be used as an appeal substitute. I will focus pointedly today upon the crucial point about which there can be no reasonable debate, the lack of a determinative new fact arising after judgment as to any of plaintiff's foreclaims. To obtain 14-01 relief based on newly discovered facts, a plaintiff must establish that new facts have been learned, that these facts entitle plaintiff to 14-01 relief, and that those facts were not of record and were unknown to plaintiff in the course of the original prior lawsuit. Facts that were known or facts that would not have altered the outcome are meaningless for purposes of 14-01. First, in seeking relief from judgment, on plaintiff's warranty of ---- Let me make sure I understand. On December 13, 07, at that time, they were relying upon two weeks, one in June of 03 and one in March of 05. And you were arguing basically that's not sufficient. It's not stating the cause of action. That's what you were arguing when the judge made his decision on 12-13-07. And the judge bought that. Am I correct in reading it that way? I'm sorry, Your Honor. Could you repeat that? The judge made his decision when he dismissed the case saying there was no cause of action. On December 13, there were two things he relied upon. One, there was a leak in 03, in June of 03, and there was a leak in March of 05. Is that right? There was a leak in 03 and 05. The judge did ---- The judge did not know there was a leak in 97, which they acknowledged later. The judge did not know that Optima actually hired Ruder-Ruder, or whatever it's called, to make sure that the property was maintained leak-free. The judge didn't know that Optima then fired Roder-Ruder after it was for sale, and the judge did not know at that time. And there's other things we now know. That is correct, Your Honor, but the crucial date and the date from which they seek relief ---- I'm just saying on December 13. Then in January, they come and say, let's reconsider. At that time, the plaintiff did not know of Ruder-Ruder. They did not know of Kelsey's ---- Is that Kelsey? Kelsey's acknowledgement that there was a leak in 97. In fact, there's accumulation of water in 97. They're not knowing of that. That's what the plaintiff did not know. You'll concede in January of 07? That is incorrect, Your Honor. In their initial complaint, they alleged that Roder-Ruder came out and biannually maintenance this property. So they knew about Roder-Ruder from in 2005 on the day that they filed their initial complaint. But that was denied by Optima, right? Did your client not deny being involved? Did they come forward and say, you're right. In 1997, there was a leak. Optima paid for Roder-Ruder to come out biannually to clean out the drain tap. Or did they say, no, first time we heard about this was in 2003? Actually, Your Honor, we came in on a 2615 motion to dismiss saying that on the face of the pleadings, this was a deficient cause of action, did not state a claim. I understand that. That doesn't answer my question, which is what your argument is, that in 2005, when they filed their complaint, they said that Optima knew about this. And my point is, in reply to that, one of the things Optima did was to deny that they were involved in the maintenance prior to 2003. Or is that not so? They pointed to a 2003 maintenance agreement, which counsel believed that opposing counsel was referring to. These are clients, right? So I don't call lawyers liars. They only have what the client gives them. But the point being, is it sufficient? Your argument seems to be that since they knew in 2005 they made these allegations, we made a defense. The judge fought our defense in December of 2006. Later, they actually had more information to prove up the allegations that they had filed in 2005. And the judge then changed his mind. And that's not true. Is that right? Is that your argument? Not entirely, Your Honor. My argument is that this information came to light in the prior action. This was July before the September 2007 judgment from which they seek relief. And in July, in their petition for relief from judgment, they come in and they say, in their petition for relief from judgment, the July 2007 counterclaim shows 1997 flooding. And then the judge bites on that and says in his opinion, and I'd like to quote. The judge in his opinion says, Hirsch alleges that she first learned that the townhome's basement flooded in 1997 when Kelsey amended the counterclaim to include that fact. The July 17, 2007 amended counterclaim. The judge goes on. This fact is relevant because in dismissing, the court relied on the amount of time. So here you have the judge. This is error on the face of the opinion itself. This is abuse and requires reversal. The judge points to a document that was known in two months before final and appealable judgment and says, well, 1401 relief based on newly discovered facts. That's not the way 1401 works. That was abuse. He should have continued his prior holding even though it was now demonstrably wrong. He ruled earlier that Optima had nothing to do with the maintenance of that property prior to 2003. That was wrong. He was mistaken in finding that. Later this comes to light. He now reconsiders it. But on documents that you say were always in existence, they certainly could have had them. And he should not correct his error. He should say, well, I wish I could help you, but I was wrong two years ago, and you're out. Oops. It was upon plaintiffs to bring this to the court's attention in the prior action. And the – That Optima was lying? I agree it is, but I don't see how you get rewarded or how your client gets rewarded for that. No, Your Honor. They, in July of 2007, they knew this. They argued this to the court in September of 2007. These are the allegations before this gets dismissed. The allegations are that water inundated the unit then owned by the defendant as early as 1997, that in 1997 Optima and Corrid Mandel retained the services of Roto-Rooter to jet and or rot out the system on at least a biannual basis. The court in its September 5, 2000 judgment says, take it up on appeal. I'm denying this. I don't think it's still – I still think this doesn't state a cause of action. Take it up on appeal. Then they come in on a 214-01 judgment with stuff they've already argued to the court. I understand. There was a hearing, and you're talking about the motion reconsidered? August 10, 2007, they filed – sought leave to file a proposed third amended complaint. Yes. They tried to file it. Right. It was denied. Right. And in that complaint, the judge basically made a mistake. Or did he? Oh, that was for appeal. The appeal would determine whether – We couldn't consider that new evidence on appeal, could we? The Roto-Rooter contracts? That would not have been part of the record, would it have? Sir, Your Honor, if they had brought, there is the – That's my question. Had it ended then, when you suggest that they should have appealed it, when the trial court said take it up on appeal, would we have been able to consider on that appeal the Roto-Rooter contracts? Yes. This court – Would it be part of the record, and it would be in there? No. And we wouldn't consider it? Your Honor, this is a denial of a proposed third amended complaint. For that, you take all of the allegations in the complaint as true. This court would have had to take all of those allegations as true, and this court would have ruled either the judge was correct, or this does state a cause of action. And taking it as being true, would we not have reversed and started this whole thing again? Would you not have lost an appeal? I can't answer because that appeal has not been taken. We were victorious below, and we stand by that victory. Right. As you should. That's your job. But the trial court, it's also his job, I'd suggest. Bottom line in all of these, it's a truth-seeking process. When a trial court determines that he was wrong in finding one thing to be true when it was not, they should go back. You're saying, well, maybe they should go back, but not after the time has expired, not under 1401. So 1401 no longer requires newly discovered facts for a plaintiff to be successful, and that is an abusive discretion. I am saying it's an abusive discretion on the face of your opinion to say, to rely on a document that is two months before final judgment, and you come in and you say that that is a newly discovered fact upon which you're entitled to relief. It was known to the plaintiff in the original action, and it was argued to the court in the original action, and that is not 1401, was not the proper avenue. Plaintiff had a proper avenue in the appeal, and plaintiff did appeal, withdrew the appeal. Again, like Justice Quinn was saying, the judge cannot correct its own mistakes. That is not the purpose of 1401, Your Honor. 1401 is where you come in based on newly discovered facts. Newly discovered facts. Let's get to that. The judge made his final decision on the motion reconsidered in June of 07. Is that right? That is correct. And then Kelsey filed something in July of 07, and in that he says there's not just a little leak, there was water accumulation. And that seems what the judge hung his hat on. And plaintiff as well. Pardon? Plaintiff as well in his petition for relief from judgment. But the newly discovered evidence was in July. And final judgment from which he seeks relief is September of 2007. There is the Prudential v. Dickerson case. There is the Fentress v. Triple Mining case where people come in after instilling the original action. They come in on newly discovered evidence. They raise it to the court's attention, and the court acts. Now, the failure to advocate on behalf of his client and pursue avenues of relief that were available in the original action, the courts have time and again said that that will not be continence. That is not a basis for coming in then on 214.01 and doing what could have been done, what could have been taken care of in the prior action. How about these cases that the other side cite, like Johnson? How does that apply? Well, Johnson v. Steiner is a case where the court, based on newly discovered facts, the court says you don't have newly discovered facts, therefore you lose. Johnson v. Steiner? But we have newly discovered facts according to the judge, the trial judge. He said, hey, if I had known then what I know now, it wasn't just a little seepage, there's actual accumulation. I think that's what he said. And the case law I provide in my brief shows it's what was in the plaintiff's possession and what was known and what plaintiff could have done something about. And he could have come in. And he says in his seeking leave to file his proposed Third Amendment complaint, he says I could come in on a motion based on newly discovered facts, judge, and let's go with the proposed Third Amendment complaint route. So he even admits he's got avenues of relief in the prior action, inexplicably doesn't pursue those means, instead goes in on the proposed Third Amendment complaint, still advocating his position to the judge, still putting those facts out there, and loses. And that is you can't come in on 214.01 and then correct that. And no court has ever held that in such circumstances, when the information is known and in the possession of the plaintiff and the prior action, that he could have argued this to the court. And through whatever you want to call it, on behalf of the attorney, if the position does not get advocated, means are not pursued, no court has then said, okay, these aren't new facts, but we're going to let you in anyway. Well, you might look at Lubbers v. Norfolk and Western. This is a head note. Rule that alleged error of fact in which petition for relief from final order or judgment is based must not have been known to the court or moving party at the time of judgment, which is your argument, does not operate to preclude petitions based on newly discovered evidence bearing an ultimate issue of original trial, particularly where the prevailing party, Optima in this case, has engaged in fraudulent conduct designed to conceal evidence from the petitioner before trial. So I would suggest that when Optima said, we had nothing to do with that property after building it until 2003, which was a lie, that Lubbers would say, well, you know what, that will allow the plaintiffs to come in in a 1401 to say, that's a lie. Here's some newly discovered evidence. One, Your Honor, that is a situation where this was cured in the original action. The fraud, the alleged fraud, the alleged fraud is still early in the original action. And two, the, what Optima says in its motion to. But you were successful in the fraud. Again, not you, but your client was successful in the fraud when the judge ruling on it found for you in December of 2006. The fraud prevailed. The 21615 motion to dismiss, he comes in and says that this 2003 maintenance agreement, it isn't enough. He's looking, he looks at the complaint and says, what does the complaint say or not say? It has nothing to do with fraud or hiding the ball at that stage. You're looking at this complaint and you're saying, what does this complaint say? Does it state a sufficient cause of action? I don't see how fraud comes in in that circumstance. Well, because the, there was an agreement from 1997 forward between Optima and Roto-Rooter, which Optima knew. According to, according to, according to allegations which, which must be accepted as true that were stated in the proposed third amendment complaint a month before final judgment in which the court had full opportunity to review and on which they had full opportunity to appeal and which was the proper avenue for relief. Okay. So we should have granted relief instead of the trial court and we should reverse to do what? You should, you should reverse because the court abused its discretion in relying on facts that were not new. There was, the fraudulent conduct alleged in no way. Well, you're arguing that their avenue of relief was up here, which if we took the complaint to be true, the third amendment complaint, we would clearly find for them since they're saying in 1997 there was a flood or heavy water and this was, there was an agreement then with Roto-Rooter and Optima to fix this and that would then take it out since, you know, the warranty of habitability does last more than a few months. We should send it back. But since this trial court did what I suggest is the right thing. Said, you know what, I was wrong. I believed a certain witness, I believed certain allegations, I was wrong. Let's go forward from that point. They're now deprived of their ability, the plaintiffs, who did not lie, are deprived of their ability of relief because the trial court stepped in. So the proper avenue is the appeal. And so now this court would say that whenever a plaintiff can one, come in on a 214-101 petition where there are not new facts, and if he succeeds then just don't have to worry about the appeal, drop your appeal, and then even if the court says, well, these aren't really newly discovered facts, we're not going to let it go because, well, he abandoned his appeal so he would be in trouble. So that would be providing an out. Instead of allowing him to pursue the proper course of his appeal, he can then, every plaintiff's attorney can say, I'm going to drop my appeal, now I'm up here before the court, the court's going to look at that. They can always drop their appeals and file a 1401 instead. And if they lose, which he did not, plaintiff won on this one, that's why we're here, you're right, they can absolutely do that. In every case they wish. They can go ahead and try and tell the court any time they appeal here, they lose. They file an appeal. They then decide to falsely claim that there's new evidence in the trial court. They would then lose their 1401. They would have lost the right to appeal here, and all they would have is the appeal of the now denied 1401, which we would deny because that's a very high hurdle. Here you don't have that. You have an appeal of the 1401 itself, which was granted. And, again, the standard is abuse of discretion. And the opinion is abuse on its face for referring to a July 17, 2007, amended counterclaim two months before judgment as new fact. New facts to the judge. New facts to the judge. That is an inappropriate basis for 214-01 relief. Okay. Did Optima tell Kelsey not to disclose? It's a little bit unclear to me. Did Optima tell? That is the allegation in the proposed Third Amendment complaint, the same exact verbatim the cause of action that they want to say somehow there's new allegations out there? No. They are, again, coming forward and saying, look, we can now prove everything that we alleged in our proposed Third Amendment complaint. Third Amendment complaint was not accepted. The court denied that. Exactly. That should have been appealed. That should have been appealed. Now they come in and say, look, but we can prove. They feel they can prove what we allege in our Third Amendment complaint that was deemed deficient. That doesn't matter. That is not what is at issue when you're dealing with a proposed Third Amendment complaint. You're looking at the allegations. You're assuming they're all true. And you're saying, can he or can he not state a cause of action? The court did not abuse its discretion in saying these facts would not have affected the outcome. On the voluntary undertaking count, the court says these new facts do not affect the outcome here. And the court was within its discretion because they don't alter the outcome. Do you want to sum it up in a couple of sentences? The facts that were relied on, it was abuse. It's July 2007. Final judgment from which relief for 1401 is sought is September 2007. The alleged fraud occurred years earlier. There was no fraud. Two, it occurred years earlier, if at all. It was cured by the before final judgment by this July 17, 2000, counterclaim. And, first of all, and finally, that was a 2615 response, just saying what was in the complaint. That's not the type of fraud that's going to give relief. And, therefore, we ask this Court to reverse fine abuse on the warning of habitability count and affirm on the other counts. Thank you, Your Honor. Thank you, Counsel. May it please the Court. It seems to me that the Court gets it. On December 13, 2006, the circuit court gave a final judgment. It dismissed all the counts in the second amended complaint against Optima. This Court has stated, as the Supreme Court has stated, that whether or not 304A language is granted does not affect the finality of the judgment that was entered on December 13, 2006. It seems that Optima's problem with the district court or, pardon me, the circuit court is that it didn't come right out and say I didn't take the allegations in the complaint, the third amended complaint is true, and, therefore, the 214 petition should be denied. That's not the standard. I don't think the circuit court has to say I made an error in order for it to grant a 214-01 petition. Now, with respect to bringing the information to the Court's attention, all the petition for relief sought, and Optima is correct in this, is that we sought leave to file the third amended complaint, which the Court had previously denied. The facts were put forth in the third amended complaint, which the Court denied us leave to file the same day it granted 304A language. With respect to the new facts, there are several new facts. First of all, it wasn't until after final judgment was entered on December 13, 2006, that Kelsey filed his answers to interrogatories. In those answers to interrogatories filed in March of 2007, he states there was some seepage. Then we get forward to July of 2007, and Kelsey says there was some accumulation. It's not until December of 2007 that Kelsey files an affidavit in which he states that he spoke with Optima prior to completing the residential real property disclosure report, in which he stated there was no problem with the basement and there had been no previous flooding. And it's not until December of 2007 where we get the Roto-Rooter records. Optima insists to this Court that those Roto-Rooter records contain no new facts. It's true from the complaint that was filed in 2005 and the amended and second amended complaint that was filed thereafter, and even in the third amended complaint, we knew about Roto-Rooter. The problem is we didn't know the scope and we didn't know the frequency, we didn't know the timing, and we didn't know the scope of Optima's involvement. Those were all new facts. And as the Court has noted, Optima repeatedly insisted in their motions to dismiss, in their response to the motion for reconsideration, and even in their motion to dismiss the 214-01 petition, that they had no involvement prior to 2003. So unless the Court has any questions regarding Optima's appeal, I'd like to move on to the issues raised in the cross appeal. Go ahead, counsel. Great. Thank you, Your Honor. Optima says that these issues are not before this Court because the plaintiff abandoned her prior appeal that was taken pursuant to a 304A finding by the Circuit Court. This Court has stated in In Re Hiron that vacating a part of a final judgment so that the remainder no longer adjudicates all of the claims of all of the parties makes even that and restores the Circuit Court's jurisdiction over the entire case so that any part of the judgment can be revised. As we suggested in our briefs, it would have been appropriate and would have been within this Court's right to dismiss the prior appeal had we sought to continue it. Now, with respect to the negligent performance of a voluntary undertaking claim, Optima says that's not before this Court because in granting the 214-01 petition, the Court found that with respect to this claim, the new facts would not have changed its decision anyways. That leads us to the question of, well, if the Court, if the Circuit Court is saying it wouldn't have changed my mind, is determinative, what's the point to allowing an appeal from a denial of a 214-01 petition? That's the whole point. The whole point is we put new facts in front of the Circuit Court. It didn't change its mind. We think it should have. We're here appealing the denial of the 214-01 petition. Now, something that is very important is Optima stakes its entire appeal and its response to our cross-appeal on the issue that these facts should not be before this Court. We respectfully disagree. Optima does not challenge the sufficiency of the allegations in the third amended complaint regarding negligent performance of a voluntary undertaking. It doesn't challenge the allegations of fraud. And with respect to the Illinois Consumer Fraud Act claim, it says that the complaint didn't allege that the misrepresentations by Optima were made in the course of a commercial transaction. We respectfully disagree. Paragraph 113 of the third amended complaint and paragraph 145 of the fourth amended complaint both make the allegation that Optima made the misrepresentation in the normal course of its selling, renting of houses. You know, with respect to backtrack a bit, to go back to the negligent performance of a voluntary undertaking claim. The Circuit Court dismissed that claim and refused to reinstate it on the 214-01 petition because it found that Hirsch did not allege reliance. And it did so on the basis of section 323 of the second restatement of torts. We respectfully suggest, and we pointed this out in response to the motion to dismiss our motion to reconsider and our 214-01 petition, that it's not section 323, but section 324A of the second restatement of torts, which applies because that's the section that deals with negligent performance of a voluntary undertaking and third parties. And under section 324A, there's three routes to liability. Under paragraph A, it's that the party that allegedly failed to perform did so and it failed to exercise reasonable care and it increased the risk of such harm. Or paragraph C allows for liability where the harm is suffered because of reliance of the other or the third person upon the undertaking. Now, Kelsey has repeatedly stated, including in his counterclaims, that he didn't disclose on the residential real property report the problem with the basement because Optima told him it was fixed. Optima clearly made this misrepresentation to Kelsey knowing that the problem wasn't fixed. And it's worth noting that after Kelsey called Optima to inform them that he was putting the house on the market, Optima actually increased the number of visits or the frequency of visits by Roto-Rooter. And it's also worth noting that Optima scheduled what we believe Optima intended to be Roto-Rooter's last visit to the house on Optima's dime the very same day Ms. Hirsch signed the purchase agreement. Now, with respect to failure to exercise reasonable care, what the complaint alleges and what we know from the discovery that's been going on since this appeal was filed is that no one had any expectation that the problem with the drain tile system in the home was going to go away. In fact, several people have suggested that frequent routing and jetting of the drain tile system will actually cause a complete failure of the system because this is a system where if it's properly installed, it doesn't need to be routed and jetted, let alone once every six months. Now, with respect to Hirsch's fraud claim, the complaint alleges that the complaint alleges all of the required elements, and we set forth where specifically the complaint alleges those elements in page 25 through 27 of Hirsch's initial brief. So, you know, unless there's for oh, I'm sorry. With respect to the circuit court's decision on this, the circuit court decided that Hirsch could not state a claim for indirect misrepresentation and it just disregarded Shannon v. Boise Cascade as being dicta. The problem there is Shannon v. Boise Cascade didn't just come up with indirect misrepresentation as being actionable. Shannon v. Boise Cascade actually referred back to this court's decision in St. Joseph Hospital v. Corbetta Construction Co. from 1974. And a whole slew of secondary authority that states and shows that the majority position across this nation is that someone in Hirsch's position can sue Optima for misrepresentations, which it made to Kelsey, knowing that Kelsey was going to relay it to every third person or every third person who received the residential real property disclosure report. So unless there are questions, I'll sit down. No questions. Great. Thank you, Your Honor. Okay, Counsel. Just a couple of points, Your Honor. The judgment that was entered in June 2007 was subject to revision at any time under 304A, up until the September 2007 final judgment. Plaintiff had the information in his possession, argued it, knew it for the final appeal to judgment, and again submit that that is not a basis under any case out there for granting relief. As to plaintiff's assertions on his appeal, he needs to show an abuse of discretion. In the actions of the court, the court looked at the facts, said they couldn't affect the pleading on his reliance claim. I'm sorry, on his claim, they couldn't affect the reliance aspect of the voluntary undertaking claim. The court did not abuse its discretion in civil ruling. The roto records on which plaintiff continues to attempt to rely provide nothing new. Again, plaintiff, prior to final judgment, alleged in the proposed third amendment complaint that in 1997, Optima and Corr-Mandel retained the services of Roto-Rooter to jet and or out the system on at least a biannual basis, and later said that defendant Optima paid for and supervised the biannual maintenance from 1997 through April of 2002. These are allegations raised before final judgment. It was not an abuse of discretion, given this, for the judge to say that there were no new facts that would change the outcome on the voluntary undertaking count. As to the fraud allegations, the fraud allegations were raised for the first time in the proposed third amendment complaint. He brings these fraud allegations forward, and the court says in its opinion that you don't state a claim for which relief can be granted. You can appeal. Now plaintiff wants the same exact verbatim that were denied under the 2615 standard by the court. In the original action, the court said no. The court did not abuse its discretion because it is completely illogical to file, come in and file fraud counts, which are to be accepted as true. And then come in and say, look, we can actually prove that what they say is true. And we want to file the exact same fraud counts. And to say that somehow the outcome would have been different on a 2615 judging, what these are asserting on the face and say that they are true? Could there be an error of law involved? Not an error of fact, because the allegations would have been different in some form as to what they are now putting before this court. And then just to respond, counsel, they did know the frequency of scope, as I just related, in coming to the court and talking about biannual, at least biannual maintenance from 1997 to 2002, and their August 10th filing with the court, that they did know the frequency and the scope before final judgment. The Rota records do not provide anything other than that frequency of scope which they allege prior to final judgment. Go ahead. Thank you, Your Honor. The court will take this case under advisement. One more, I'm sorry. Real quick, I'd just like to correct something counsel just stated. There was no judgment entered in June 2007. There was a final judgment entered in December of 2006. There was a motion to reconsider that was denied in June of 2007. With respect to the standard of review regarding our cross appeal, our cross appeal focuses on issues dealing solely with legal questions. This is court as well where legal questions are always treated to de novo review, regardless of whether it comes on a 214-01 or whether it comes from a 2619 or a motion for summary judgment. Finally, I would just note that with respect to the motion to dismiss, originally the original motion to dismiss in front of the court was a 2615-2619, and the circuit court actually had to correct itself because it granted Cora Mandel's motion to dismiss on 2615 grounds, even though it had only moved on 2619 grounds. So the circuit court has made a bunch of errors. It has, to its best of its ability, tried to correct the errors that it recognized. And our cross appeal is simply dealing with issues where the circuit court and Hirsch disagree as to what the law requires regarding indirect misrepresentation and which section of the restatement to apply to a negligent performance of a voluntary undertaking. I thank you for your time. Thank you. No questions.